**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4583**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN RAY DEESE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:13-cr-00042-D-1)

———————

Submitted: January 13, 2015        Decided: January 15, 2015

———————

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Jason R. Harris, WELCH & HARRIS, LLP, Jacksonville, North Carolina, for Appellant. James Bradsher, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Brian Scott Meyers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Ray Deese seeks to appeal the criminal judgment and 252-month sentence imposed after he pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2012); possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (2012); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1), (h) (2012). On appeal, Deese's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court plainly erred in conducting Reese's plea colloquy or erred in applying a four-level leadership enhancement when calculating Deese's sentencing Guidelines range. Deese filed a supplemental pro se brief, also challenging the enhancement. The Government has filed a motion to dismiss Deese's appeal based on an appellate waiver provision in its written plea agreement with Deese. Deese opposes the Government's motion as premature. We grant the Government's motion to dismiss in part and dismiss Deese's appeal of his sentence, and we deny the motion in part and affirm Deese's convictions.

2

We review de novo a defendant's waiver of appellate rights. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." Id. (internal quotation marks omitted). Our review of the record leads us to conclude that, under the totality of the circumstances, Deese's waiver of appellate rights was knowing and voluntary and that the waiver provision is therefore valid and enforceable. See id.; United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (providing standard).

We will enforce a valid waiver so long as "the issue appealed is within the scope of the waiver." Copeland, 707 F.3d at 528. We conclude that Deese's challenge to the calculation of his Guidelines range falls within the scope of the appellate waiver provision in the plea agreement. Therefore, we grant the Government's motion to dismiss in part and dismiss Deese's appeal of his sentence.

The appellate waiver does not, however, preclude our review of a challenge to the voluntariness of Deese's plea. See United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We have reviewed the plea colloquy for plain error and conclude that that the district court fully complied with Fed. R. Crim. P. 11 and properly ensured that Deese's guilty plea was

3

knowing and voluntary and supported by a sufficient factual basis. We therefore deny in part the Government's motion to dismiss and affirm Deese's convictions.

In accordance with <u>Anders</u>, we have reviewed the entire record and the issues raised in Deese's pro se supplemental brief and have found no unwaived potentially meritorious grounds for appeal. We therefore affirm Deese's convictions and dismiss the appeal of the sentence. This court requires that counsel inform Deese, in writing, of his right to petition the Supreme Court of the United States for further review. If Deese requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Deese. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4